Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000808
15-FEB-2018
09:32 AM

NO. CAAP-14-0000808

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellant,
v.
M. ANNE SCHMIDT, Defendant-Appellee.

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(CASE NO. 2DTA-13-00955)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Reifurth and Chan, JJ.)

Plaintiff-Appellant State of Hawai'i (State) charged Defendant-Appellee M. Anne Schmidt (Schmidt) with operating a vehicle under the influence of an intoxicant (OVUII) (Count 1); and refusal to submit to breath, blood, or urine test (Refusal to Submit to Testing) (Count 2). The OVUII charge alleged that Schmidt was under the influence of drugs.

Prior to trial, Schmidt moved to suppress evidence on the grounds that: (1) there was no reasonable suspicion for her traffic stop; (2) there was no probable cause to arrest her; (3) there was no probable cause to request that she submit to drug testing because the arresting officer was not a drug recognition expert (DRE) and police DRE procedures were not followed; and (4) Schmidt's post-refusal offer to take a urine test was improperly rejected. After an evidentiary hearing, the District Court of

the Second Circuit (District Court)[1] granted Schmidt's motion to suppress, and it suppressed "any evidence obtained subsequent to the stop of [Schmidt's] vehicle." The District Court filed its "Findings of Fact, Conclusions of Law, Decision and Order Granting Defendant's Motion to Suppress Evidence" (Suppression Order) on April 24, 2014.

On appeal, the State argues that the District Court erred in granting Schmidt's motion to suppress evidence. As explained below, we vacate in part, and affirm in part, the District Court's Suppression Order.

I.

Maui Police Department (MPD) Officer Jerry Barrera stopped Schmidt's car after the police received reports that the car was being driven erratically. At the suppression motion hearing, Elizabeth Ryan (Ryan) testified that at about 11:45 a.m., she saw a Toyota car (later identified as Schmidt's car) "weaving in and out of the lane." The Toyota was crossing over the lane lines by about a foot on each side, coming close to striking vehicles attempting to go around the Toyota, and kicking up clouds of dust on the right. Ryan was scared that the driver of the Toyota was "going to hurt herself or she was going to hurt other people," and Ryan called 911. Ryan informed the operator of what she had observed. Ryan's car followed the Toyota, which eventually pulled into the drive-thru lane of a McDonald's restaurant. Ryan waited at the McDonald's for the police to arrive and gave a statement to the police.

Officer Jerry Barrera (Officer Barrera) testified that after receiving a report from dispatch of a reckless driver, he saw Schmidt in a Toyota matching the description provided by dispatch in the McDonald's drive-thru lane. Officer Barrera motioned to Schmidt to pull forward and stop in the parking lot, and Schmidt complied. Officer Barrera approached Schmidt and observed that "she was smiling and incoherent, and she was moving

---

[1] The Honorable Adrianne N. Heely presided.

very slow and speaking in a very soft tone of voice." Schmidt's eyes were red and watery. Officer Barrera asked Schmidt if she had been drinking. Schmidt responded "no," but said that "she took a Valium the night prior" and that she was tired. Officer Barrera did not note the odor of alcohol.

Schdmit agreed to participate in field sobriety tests. Officer Barrera administered the horizontal gaze nystagmus, walk and turn, and one leg stand tests. For each test, Schmidt exhibited a sufficient number of "clues" to "fail" the test. On the walk-and-turn test, Schmidt could not keep her balance, swayed, missed heel to toe, stopped walking, stepped off the line, took the wrong number of steps, raised her arms, and made an improper turn. On the one-leg-stand test, Schmidt raised her arms, swayed, put her foot down, lost her balance, and almost fell. Officer Barrera believed that it was unsafe for Schmidt to drive, and he arrested her for OVUII.

II.

The State contends that the District Court erred in suppressing evidence of Schmidt's refusal to submit to testing for drugs. Based on the analysis in the Hawai'i Supreme Court's decision in State v. Won, 137 Hawai'i 330, 372 P.3d 1065 (2015), we conclude that the State was precluded from prosecuting Schmidt for Refusal to Submit to Testing. State v. Wilson, No. CAAP-15-0000682, 2018 WL 564771, at *1-8 (Hawai'i App. Jan. 26, 2018). On this basis, we affirm the District Court's Suppression Order to the extent that it suppressed evidence of Schmidt's refusal to submit to testing for drugs, and we need not address the State's arguments on this issue.

III.

We conclude that there was reasonable articulable suspicion for Officer Barrera to stop Schmidt's vehicle and to conduct the field sobriety tests, and therefore, the District Court erred in suppressing "any evidence obtained subsequent to the stop of [Schmidt's] vehicle."

3

Prior to Officer Barrera's stop of Schmidt's vehicle, the police had received a witness's contemporaneous report of Schmidt's dangerous and erratic driving, and the substance of this report had been conveyed by dispatch to Officer Barrera. We conclude that Officer Barrera had reasonable articulable suspicion to stop Schmidt's car. See State v. Prendergast, 103 Hawai'i 451, 83 P.3d 714 (2004) (holding that an anonymous tip of reckless driving provided a police officer with reasonable suspicion to justify a traffic stop). We also conclude that Officer Barrera had reasonable suspicion to conduct the field sobriety tests and had probable cause to arrest Schmidt for OVUII after the field sobriety tests were completed. See Kernan v. Tanaka, 75 Haw. 1, 36-40, 856 P.2d 1207, 1225-27 (1993); State v. Wyatt, 67 Haw. 293, 303-06, 687 P.2d 544, 552-53 (1984). We therefore vacate the District Court's Suppression Order to the extent that it suppressed all evidence obtained subsequent to the stop of Schmidt's car. We express no opinion on the sufficiency of evidence to establish that Schmidt was "under the influence of any drug." See Hawaii Revised Statutes § 291E-61(a)(2)( 2007).

IV.

Based on the foregoing, we vacate in part and affirm in part the District Court's Suppression Order, and we remand the case for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawai'i, February 15, 2018.

On the briefs:

Richard K. Minatoya
Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellant

Benjamin E. Lowenthal
(Law Office of Philip H. Lowenthal)
for Defendant-Appellee

*Craig H. Nakamura*

Chief Judge

*Lawrence M. Reifurth*

Associate Judge

*Derrick H.M. Chan*

Associate Judge

4